FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
6/19/2023 8:57 AM
JAMIE SMITH
DISTRICT CLERK
B209929

CAUSE NO. B-209929

| | | |
|---|---|---|
| **EZEQUIEL RODRIGUEZ,** § | | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* § | | |
| § | | |
| § | | |
| *vs.* § | | **JEFFERSON COUNTY, TEXAS** |
| § | | |
| § | | |
| **M & M INDUSTRIAL SERVICES, INC.** § | | |
| *Defendant.* § | | **60th JUDICIAL DISTRICT** |
| § | | |
| § | | **JURY TRIAL** |

## PLAINTIFF'S THIRD AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **EZEQUIEL RODRIGUEZ** ("Plaintiff") and files his *Second Amended Petition* over and against Defendant **M&M INDUSTRIAL SERVICES, INC. ("**M&M**"),** Defendant **TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC. ("**Transocean**"),** Defendant **FMC TECHNOLOGIES, INC.,** and Defendant **SHANNON POLK,** collectively referred to as Defendants. In support of this *Third Amended Petition*, Plaintiff would show this Honorable Court the following:

### I.
### DISCOVERY LEVEL

Discovery in this matter should be conducted under Level 3 as set forth in the Texas Rules of Civil Procedure.

### II.
### PARTIES

Plaintiff is an American Jones Act seaman residing in Jefferson County, Texas.

Defendant **M&M** is a Texas company with its principal place of business in Jefferson County, Texas. Said Defendant has made an appearance in this matter and therefore no service is requested at this time.

Defendant **TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC** is a corporation who does business in and throughout Texas including Jefferson County, Texas. Said Defendant's principal office is in Harris County, Texas. Said Defendant has made an appearance in this matter and therefore no service is requested at this time.

Defendant **FMC TECHNOLOGIES, INC.** is a corporation who does business in and throughout Texas including Jefferson County and maintains an "operational headquarters" in Houston, Texas. Said Defendant may be served through its Attorney of Record, Jeffrey R. Bale, of Donato Brown Pool & Moehlmann, located at 3200 Southwest Fwy Suite 2300, Houston, Texas 77027.

Defendant **SHANNON POLK** is an employee of Defendant **TRANSOCEAN** and an individual residing in the state of Texas. Said Defendant has been served in this matter and no service is requested at this time.

In the event any parties are misnamed and not included herein, such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

### III.
### JURISDICTION

Plaintiff brings claims under the Jones Act and Texas law. This Court has jurisdiction under the Savings to Suitors clause, 28 U.S.C. § 1333(1). Plaintiff is a seaman under the Jones Act. *See* 46 U.S.C. § 30104. Moreover, this Court also has personal jurisdiction over Defendants as said

Defendants constantly conduct significant business on a regular and systematic basis in the state of Texas. These Defendants continue to obtain and receive significant contracts and revenue from work performed here in Texas.

Any removal here would be entirely improper and sanctionable. The parties here are not diverse. Plaintiff was (and remains) a resident of Jefferson County, Texas while Defendants are also from Texas. Additionally, it is well-settled that Jones Act cases are not removable. 28 U.S.C. § 1445(a). *See e.g., Holmes v. Atl. Sounding Co.*, 437 F.3d 441, 445 (5th Cir. 2006); *see also Lackey v. Atlantic Richfield Co.,* 990 F.2d 202, 207 (5th Cir.1993).

## IV.
## VENUE

Venue is proper in this County because Defendant **M&M** has a principal place of business in Jefferson County, Texas as well as conducts a significant amount of business in Jefferson County, Texas. *See* TEX.CIV.PRAC.&REM.CODE §15.002(a)(2). Plaintiff was (and remains) also a resident of this County at the time the cause of action accrued. *See* TEX.CIV.PRAC.&REM.CODE §15.0181(c). Finally, venue is proper here since Jefferson County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred. TEX.CIV.PRAC.&REM.CODE §15.002(a)(2).

## V.
## OPERATIVE FACTS

Plaintiff is an American Jones Act seaman who was assigned as an able-bodied seaman to Defendants' vessel, *Deepwater Pontus*. As in the past, Plaintiff reported to the *Deepwater Pontus* for over a month contributing to the vessel's function while it was in navigable waters.[1] Below is a depiction of the *Deepwater Pontus*:

---

[1] Plaintiff spent almost all his time aboard vessels in navigation.



On or about May 20, 2021, Plaintiff was employed by Defendant **M&M** and was assigned to the *Deepwater Pontus* ridge. Defendant **TRANSOCEAN** owned and operated the *Deepwater Pontus* ridge. Defendant **M&M** contracted with Defendant **FMC TECHNOLOGIES, INC.** to provide services on the Deepwater Pontus ridge, owned and operated by **TRANSOCEAN.** Furthermore, Plaintiff was at sea for approximately 5 weeks for Defendants.

Defendant **TRANSOCEAN's** employee, Defendant **SHANNON POLK**,[2] specifically demanded that Mr. Rodriguez lift a 400-pound piece of metal. The metal was too heavy to lift without mechanical assistance and, rather than use mechanical assistance, Defendant **SHANNON POLK** ordered that Plaintiff and other crew members on the ship lift the 400-pound piece of metal. While lifting the heavy piece of metal for Defendant **TRANSCOEAN**, as he was assigned and demanded to do by Defendants, Plaintiff was severely injured.

Since the incident in question, Mr. Rodriguez has undergone significant medical treatment, including surgery. His significant injuries have prevented him from working. This entire incident was preventable had Defendants followed basic industry standards. He brings this suit to recover his permanent and severe losses, and to also prevent similar incidents from occurring again to other hard-working maritime workers.

---

[2] Mr. Polk is a welder for Transocean.

## VI.
## CAUSES OF ACTION

**A. Count 1 –** *Negligence by All Defendants.*

Plaintiff's injuries were proximately caused by various wrongful acts that, at the very least, constitute negligence and/or negligence *per se* on the part of the Defendants, its owners, and all of their agents, employees, servants, and representatives.[3] These acts by the Defendant include but are not limited to the following:

(a) In negligently failing to provide Plaintiff with a safe and healthy work environment;
(b) In negligently failing to inspect the work site, equipment, and/or vessel in question;
(c) In negligently failing to use mechanical equipment to move the heavy metal in question;
(d) In negligently failing to maintain, inspect, and/or repair the vessel's equipment;
(e) In negligently directing Plaintiff to move the heavy equipment without proper equipment or procedures;
(f) In negligently failing to provide adequate training to its employees and/or other crew members on the ship;
(g) In failing to honor maintenance-and-cure obligations;
(h) In violating their own safety rules, policies, and regulations;
(i) In failing to maintain safe mechanisms for work on the vessel;
(j) In negligently failing to warn Plaintiff;
(k) In negligently failing to conduct proper job safety analysis;
(l) In negligently failing to have qualified staff on the vessel in question;
(m) In negligently failing to warn of dangers involved here;
(n) In negligently failing to maintain, follow, or enforce policies and procedures for safe operations;

---

[3] Plaintiff invokes the doctrine of *respondeat superior.*

(o) In misrepresenting and failing to properly warn or advise Plaintiff of the known dangers;

(p) In negligently providing an unseaworthy vessel, its gear, equipment, fittings, mechanisms, appurtenances;

(q) In failing to properly, timely and fully advise Plaintiff of the risks Defendants placed him in on the vessel in question;

(r) In failing to have qualified, knowledgeable and trained personnel on the job site at all times;

(s) In failing to enact and take appropriate steps to lessen or eliminate the risk of workers such as Plaintiff from being injured on the vessel;

(t) In failing to comply with industry standards;

(u) In failing to adequately warn of or correct dangers or conditions of which the Defendants had actual knowledge;

(v) Failure to properly maintain the vessel and its appurtenances in a seaworthy condition and reasonable state of repair;

(w) Failure to take reasonable precautions for the Plaintiff's safety;

(x) Failure to ensure that every piece of equipment aboard is kept in good working condition and inspected regularly for possible defects; and

(y) In failing to properly train, supervise, monitor, and/or retain employees, contractors, and/or subcontractors.

The Defendants' acts and omissions were wrongful, inappropriate and, further, constitute negligence and negligence *per se* so as to be a proximate cause of the injuries, damages and losses made the basis of this lawsuit.

### B. Count 2 – *Unseaworthiness of Deepwater Pontus*

At all relevant times, Defendants' vessel, *Deepwater Pontus,* was unseaworthy and dangerous, and the unseaworthiness of the *Deepwater Pontus* was a direct cause of the Plaintiff's injuries. Specifically, and without limiting the reasons that the *Deepwater Pontus* was unseaworthy, the *Deepwater Pontus* was unseaworthy because:

(a) Plaintiff did not have adequate equipment to perform the heavy lifting safely;

(b) The *Deepwater Pontus* was not adequately maintained;

(c) The *Deepwater Pontus* was not adequately equipped with the proper equipment to perform the work safely; and

(d) The *Deepwater Pontus* was not adequately crewed by Defendant.

Defendants' duty to provide a seaworthy vessel was absolute and completely independent of its duty to exercise reasonable care. Defendants' failure to maintain a seaworthy vessel played a substantial part in bringing about or causing injury to Plaintiff, and the injury was a direct or probable consequence of the unseaworthiness condition of the *Deepwater Pontus*.

## C. Count 3 – *Negligent Undertaking Against Defendants*

Defendants agreed and undertook to provide services to Plaintiff and each other employees of both companies, either gratuitously or for consideration. Once the Defendants undertook those services, the Defendants were negligent causing or contributing to the injuries here.

## D. Count 4 – *Claims for Maintenance and Cure Against Defendants*

As a Jones Act seaman, Plaintiff was entitled to maintenance and cure as a result of his injuries sustained in the underlying incident. Plaintiff sustained his injuries while in the course of serving the vessel in his capacity as a Jones Act seaman assigned to the *Deepwater Pontus*. Thus, Defendants have a legal duty to pay maintenance and cure to Plaintiff but have failed to do so here.

Plaintiff makes claims against Defendants for the payment of maintenance and cure and hereby demands that Defendants fulfill their maintenance and cure obligations. Defendants owe Plaintiff a non-delegable duty to pay maintenance and cure. Said Defendants have failed to provide Plaintiff adequate maintenance and cure as a result of his injuries. Defendants' failure to pay

maintenance and cure has been arbitrary and willful entitling Plaintiff to punitive damages and attorney's fees.

## VII.
## DAMAGES

Plaintiff would show that, as a direct and proximate result of the negligent, grossly negligent, and/or willful or wanton acts and/or omissions of the Defendants as set out throughout the Complaint, Defendants proximately caused damages to Plaintiff. To the extent any of Plaintiffs' injuries were preexisting, this occurrence aggravated any preexisting injuries.

Plaintiff sues for the following elements of damages: Medical and healthcare expenses sustained in the past; Medical and healthcare expenses that, in reasonable probability, Plaintiff will sustain in the future; Loss of earning capacity and/or loss wages in the past; Loss of earning capacity and/or loss wages in the future; Physical pain and suffering in the past; Physical pain and suffering that, in reasonable probability, Plaintiff will sustain in the future; Mental or emotional pain or anguish in the past; Mental or emotional pain or anguish in the future; Physical disfigurement sustained in the past; Physical disfigurement that, in reasonable probability, Plaintiff will sustain in the future; Physical impairment sustained in the past; Physical impairment that, in reasonable probability, Plaintiff will sustain in the future; Inconvenience in the past and future; Maintenance, Cure, Attorney Fees; and Loss of enjoyment of life, past and future.

To the extent Plaintiff had any preexisting injuries, those injuries were certainly aggravated by the incident in question.

Plaintiff also seeks to recover pre-judgment and post-judgment interest for all damages, along with court costs. In accordance with Rule 47, Plaintiff seeks over one million dollars in damages.

## VIII.
## GROSS NEGLIGENCE AND/OR PUNITIVE DAMAGES

The above acts and/or omissions by Defendants amount to gross negligence because, when viewed objectively from Defendant's standpoint at the time in question, such acts and/or omissions involved an extreme degree of risk, considering the probability and magnitude of potential harm, of which Defendants have actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference and/or malice with regard to the rights, safety, or welfare of others.

The gross negligence of the Defendants was a proximate cause of the injuries and damages suffered by Plaintiff**.** Plaintiff hereby pleads that the Court enter punitive and/or exemplary damages against Defendants in such amount as the jury shall affix.

## IX.
## REQUEST FOR A JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues and tenders the appropriate fee. Because Plaintiff is a Jones Act seaman, he respectfully requests a preferential trial setting as required by law. *See e.g.,* Texas Government Code, Section 23.101(a)(5).

## X.
## CONDITION PRECEDENT

All conditions precedents have been performed or have occurred as required by Texas Rule of Civil Procedure 54.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendants be cited to appear and answer herein, and that the Court enter judgment against Defendants in an amount to be determined by the Court and Jury, for actual and exemplary damages as expressed in this Complaint and allowed by law, attorney fees, pre-judgment interest and post-judgment interest, at

the legal rate, costs of Court, and for such other and further relief, at law or in equity both general and special, to which Plaintiff may be justly entitled.

Respectfully Submitted,

**THE FERGUSON LAW FIRM, L.L.P.**

_____
**Cody A. Dishon**
Texas State Bar No. 24082113
cdishon@thefergusonlawfirm.com
jburkett@thefergusonlawfirm.com
**Javier Cabanillas**
Texas State Bar No. 24094234
jcabanillas@thefergusonlawfirm.com
hlacey@thefergusonlawfirm.com
**Cullen McDonald**
Texas State Bar No. 24130681
cmcdonald@thefergusonlawfirm.com
mrowe@thefergusonlawfirm.com

3155 Executive Blvd.
Beaumont, Texas 77705
(409) 832-9700 - telephone
(409) 832-9708- facsimile

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that, on the 19th day of June 2023 a true and correct copy of the foregoing instruments has been served on the following party in accordance with the Texas Rules of Civil Procedure.

**ATTORNEYS FOR DEFENDANT, M&M INDUSTRIAL SERVICES, INC**
MEHAFFY WEBER PC
Michele Y. Smith
State Bar No. 00785296
michelesmith@mehaffyweber.com
Johanna F. Trees
State Bar No. 24115872
johannatrees@mehaffyweber.com
Blake Hamm
State Bar No. 24069869
blakehamm@mehaffyweber.com
2615 Calder Ave., Ste. 800
Beaumont, TX 77702
Telephone (409) 835-5011
Telecopier (409) 835-5177

**ATTORNEYS FOR DEFENDANT TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.**
SBSB EASTHAM
Robert L. Klawetter
State Bar No. 11554700
rklawetter@sbsb-eastham.com
Christina K. Schovajsa
State Bo No. 24002910
cschovajsa@sbsb-eastham.com
1001 McKinney St. #1400
Houston, Texas 77002
(713) 225-0905 – tel
(713) 574-2942 – fax

**ATTORNEYS FOR DEFENDANT FMC TECHNOLOGIES, INC.**
DONATO BROWN POOL & MOEHLMANN
Jeffrey R. Bale
State Bar No. 01629800
jbale@donatobrown.com
3200 Southwest Fwy, Ste. 2300
Houston, Texas 77027
Telephone (713) 403-5433
Fax (713) 877-1138

_____
**Cody A. Dishon**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jessica Burkett on behalf of Cody Dishon
Bar No. 24082113
jburkett@thefergusonlawfirm.com
Envelope ID: 76731587
Filing Code Description: Amended Filing
Filing Description: Third Amended Petition
Status as of 6/19/2023 9:02 AM CST

Associated Case Party: EZEQUIEL RODRIGUEZ

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Cody Dishon | | cdishon@thefergusonlawfirm.com | 6/19/2023 8:57:26 AM | SENT |
| Jessica Burkett | | jburkett@thefergusonlawfirm.com | 6/19/2023 8:57:26 AM | SENT |
| Cullen McDonald | | cmcdonald@thefergusonlawfirm.com | 6/19/2023 8:57:26 AM | SENT |
| Javier Cabanillas | | jcabanillas@thefergusonlawfirm.com | 6/19/2023 8:57:26 AM | SENT |
| Harrison E.Tatum | | htatum@thefergusonlawfirm.com | 6/19/2023 8:57:26 AM | SENT |

Associated Case Party: M&M INDUSTRIAL SERVICES INC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Michele Y.Smith | | MicheleSmith@MehaffyWeber.com | 6/19/2023 8:57:26 AM | SENT |
| Johanna F. Trees | | johannatrees@mehaffyweber.com | 6/19/2023 8:57:26 AM | SENT |
| Blake Hamm | | blakehamm@mehaffyweber.com | 6/19/2023 8:57:26 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Lisa Rogers | | LisaRogers@MehaffyWeber.com | 6/19/2023 8:57:26 AM | SENT |
| Mikka Gorden | | mikkagorden@mehaffyweber.com | 6/19/2023 8:57:26 AM | SENT |

Associated Case Party: TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Shantaine Mann | | smann@sbsb-eastham.com | 6/19/2023 8:57:26 AM | SENT |
| Sonja M.Beard | | sbeard@sbsblaw.com | 6/19/2023 8:57:26 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jessica Burkett on behalf of Cody Dishon
Bar No. 24082113
jburkett@thefergusonlawfirm.com
Envelope ID: 76731587
Filing Code Description: Amended Filing
Filing Description: Third Amended Petition
Status as of 6/19/2023 9:02 AM CST

Associated Case Party: TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC

| Robert Klawetter | | rklawetter@sbsb-eastham.com | 6/19/2023 8:57:26 AM | SENT |
|---|---|---|---|---|
| Christina Schovajsa | | cschovajsa@sbsb-eastham.com | 6/19/2023 8:57:26 AM | SENT |
| Janette Gomez | | jgomez@sbsb-eastham.com | 6/19/2023 8:57:26 AM | SENT |