FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
6/26/2023 10:56 AM
JAMIE SMITH
DISTRICT CLERK
B209929

CAUSE NO. B-209929

| | | |
|---|---|---|
| EZEQUIEL RODRIGUEZ | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| M&M INDUSTRIAL SERVICES, INC. | § | 60TH JUDICIAL DISTRICT |

**DEFENDANT TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.'S
ANSWER TO PLAINTIFF'S THIRD AMENDED PETITION**

Defendant, Transocean Offshore Deepwater Drilling, Inc. (hereinafter sometimes referred to as "Defendant"), files its Answer to Plaintiff's Third Amended Petition to respectfully show the following:

**A. GENERAL DENIAL**

1. Defendant generally denies the allegations in Plaintiff's Third Amended Petition pursuant to Rule 92 of the Texas Rules of Civil Procedure. Defendant demands that Plaintiff be required to prove the charges and allegations against it by a preponderance of the evidence as required by the Constitution and laws of the State of Texas, as well as substantive and procedural laws of the United States, or otherwise, as may be appropriate.

**B. OTHER DEFENSES**

2. For further answer and without waiving the foregoing, Plaintiff's Third Amended Petition fails to state a claim against Defendant upon which relief can be granted. More particularly, Plaintiff does not have causes of action against this Defendant for alleged Jones Act negligence, negligence *per se*, negligent undertaking, gross negligence, unseaworthiness and/or maintenance and cure as a matter of law.

3. For further answer and without waiving the foregoing, the incident did not occur as alleged.

4. For further answer and without waiving the foregoing, Plaintiff was not injured to the extent alleged and/or has not suffered the damages and/or disabilities alleged.

5. For further answer and without waiving the foregoing, Defendant is not liable as alleged.

6. For further answer and without waiving the foregoing, the *Deepwater Pontus* was not unseaworthy as alleged.

7. For further answer and without waiving the foregoing, Plaintiff's alleged injuries and damages, if any, were in no way caused or contributed to by any fault, neglect, or want of due care on the part of Defendant.

8. For further answer and without waiving the foregoing, Plaintiff's alleged injuries and damages, if any, were proximately caused by Plaintiff's own contributory negligence/comparative fault for which Defendant is not responsible.

9. For further answer and without waiving the foregoing, Plaintiff's alleged injuries and damages, if any, were proximately caused, in whole or in part, by the negligence and/or breach of duty of third parties and/or by instrumentalities for which Defendant is not legally responsible.

10. For further answer and without waiving the foregoing, Plaintiff's alleged injuries and damages, if any, are the result in whole or in part of preexisting and/or subsequently occurring illnesses, injuries and/or bodily conditions unrelated to the alleged incident and for which Defendant has no legal liability.

11. For further answer and without waiving the foregoing, Plaintiff has not been injured and/or sustained damages to the extent alleged, and Plaintiff's ability to return to gainful employment has not been significantly diminished, if at all, by the alleged injuries made the basis of this suit.

12. For further answer without waiving the foregoing, Plaintiff has failed to mitigate his damages.

13. For further answer without waiving the foregoing, Plaintiff's recovery of medical and or healthcare expenses incurred is limited to the amount actually paid or incurred by or on behalf of Plaintiff. TEX. CIV. PRAC. & REM. CODE 41.0105.

14. For further answer and without waiving the foregoing, if Defendant is found liable to Plaintiff in any amount, Defendant is entitled to a credit or set-off for any and all sums Plaintiff received in the way of any and all settlements. In the alternative, Defendant asserts its right to a proportionate reduction of any damages found against it, based on the negligence attributable to any settling tortfeasor.

### C. EXEMPLARY DAMAGES

15. Without waiving any other defenses and for further answer, Defendant answers any allegations of malice and exemplary or punitive damages as follows:

    a. Punitive damages are not available to Jones Act seamen for alleged gross negligence or alleged unseaworthiness as a matter of law. *The Dutra Group v. Batterton*, 139 S.Ct. 2275, 2285 (2019); *McBride v. Estis Well Service*, 768 F.3d 382 (5th Cir. 2014) (en banc); *Penrod Drilling Corp. v. Williams*, 868 S.W.2d 294 (Tex. 1993); *Scarborough v. Clemco Industries*, 391 F.3d 660, 668 (5th Cir. 2004).

    b. Defendant did not employ Plaintiff and, accordingly, Defendant did not have any obligation to pay Plaintiff maintenance and cure. With no duty to pay maintenance and cure, there can be no arbitrary or improper denial of maintenance and cure.

    c. Defendant invokes and relies upon the limitations placed upon an award of exemplary damages as set forth in Texas Civil Practice & Remedies Code § 41.008. In the unlikely

event that a verdict should be rendered which would otherwise result in a judgment in excess of that allowed by Texas Civil Practice & Remedies Code § 41.008, this Honorable Court should reduce and reform the judgment such that the caps and limitations set forth in Texas Civil Practice & Remedies Code § 41.008 are not exceeded.

   d. In addition to the limitations and caps set forth above, Defendant relies upon the entirety of Texas Civil Practice & Remedies Code § 41, including, but not limited to statutory provisions set forth providing for the proper clear and convincing burden of proof as to alleged punitive damages and/or for the appropriate definition of gross negligence to be submitted to the trier of fact.

   e. Plaintiff's claim for malice and exemplary or punitive damages is arbitrary, unreasonable, excessive, and in violation of Defendant's rights to due process of law and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and under Article 1, Sections 13, 15, and 19 of the Texas Constitution.

   f. Plaintiff's claim for malice and punitive or exemplary damages should be proved beyond a reasonable doubt.

   g. Exemplary or punitive damages cannot be awarded against Defendant, because, in part, Defendant will be placed twice in jeopardy for the same alleged conduct in violation of the United States and Texas Constitutions.

   h. Plaintiff's claim for malice and exemplary or punitive damages violates the separation of powers doctrine, since the Court and/or jury would usurp the exclusive power of the Legislature to define crimes and establish punishment.

    i.  Plaintiff's claim for malice and punitive or exemplary damages against Defendant should be determined only by Defendant's actual subjective conscious indifference, the existence of which is denied, and not by any objective conscious indifference.

    j.  Plaintiff's claim for malice and exemplary or punitive damages must be assessed by the unanimous verdict of all twelve jurors.

    k.  Plaintiff's claim for malice and exemplary or punitive damages should not be assessed, in part, because defendants who are subject to exemplary or punitive damages do not have the right to refuse to testify against themselves, but in fact must take the stand and/or give deposition testimony or otherwise subject themselves to the consequences of a default judgment.

    l.  Plaintiff's claim for malice and exemplary or punitive damages is not based upon a clearly defined statutory enactment setting forth a specific *mens rea* and scope and limit of such awards and, therefore, the standard is unduly vague and does not meet the requirements of due process.

    m.  Defendant is subjected to all the hazards and risks of what amounts to a fine with respect to Plaintiff's claim for malice and exemplary or punitive damages, but Defendant receives none of the basic rights afforded to a criminal defendant when being subjected to possible criminal penalties.

    n.  There can be no award for punitive or exemplary damages because Defendant was not even negligent.

    o.  Allowing the recovery of exemplary or punitive damages, if any, within a cap provided under the Texas Civil Practice and Remedies Code is arbitrary, unreasonable, and excessive, and in violation of the United States and Texas Constitutions.

p.  In *Exxon Shipping Company v. Baker*, a maritime pollution case, the United States Supreme Court held that an award of exemplary and/or punitive damages must be capped and/or limited to a 1:1 or less ratio to compensatory damages. While denying that punitive damages are available to Plaintiff in this matter, any award of exemplary and/or punitive damages that is not capped and/or limited to a 1:1 or less ratio to compensatory damages violates Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution.

## D.  DISCOVERY LEVEL

16. Defendant agrees that discovery should be conducted under Level 3 of Rule 190.3 of the Texas Rules of Civil Procedure as alleged by Plaintiff. Further, Defendant submits that Court should enter a discovery plan tailored to the circumstances of this case.

## PRAYER

For these reasons, Transocean Offshore Deepwater Drilling, Inc. prays that all of the claims of Ezequiel Rodriguez ("Plaintiff") against it be dismissed, or in the alternative that upon final hearing judgment be entered that Plaintiff take nothing by this suit against Transocean Offshore Deepwater Drilling, Inc., and that Transocean Offshore Deepwater Drilling, Inc. be awarded its costs incurred in the defense of this action, and all other and further relief to which Transocean Offshore Deepwater Drilling, Inc. may be entitled.

Respectfully submitted,

SBSB EASTHAM

*/s/ Robert L. Klawetter*
Robert L. Klawetter
State Bar No. 11554700
rklawetter@sbsb-eastham.com
Christina K. Schovajsa
State Bar No. 24002910
cschovajsa@sbsb-eastham.com
Schouest, Bamdas, Soshea, BenMaier
   & Eastham PLLC
1001 McKinney Street, Suite 1400
Houston, Texas  77002
Telephone: (713) 225-0905
Facsimile:  (713) 574-2942

*Attorneys for Defendant,*
*Transocean Offshore Deepwater Drilling Inc.*

## CERTIFICATE OF SERVICE

I, the undersigned, certify that I am a member of the firm of Schouest, Bamdas, Soshea, BenMaier & Eastham PLLC, attorneys in charge for the Defendant herein, and that a true and correct copy of the foregoing has been served to all counsel of record on this the **26th** day of **June, 2023**.

*Via Electronic Filing System*
Cody A. Dishon
Javier Cabanillas
The Ferguson Law Firm L.L.P.
350 Pine Street, Suite 1440
Beaumont, Texas 77704

*Via Electronic Filing System*
Michele Y. Smith
Johanna F. Trees
Blake Hamm
Mehaffy Weber, P.C.
2615 Calder Ave., Suite 800
Beaumont, Texas 77702

*/s/ Robert L. Klawetter*
Robert L. Klawetter

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Janette Gomez on behalf of Robert Klawetter
Bar No. 11554700
gomez@easthamlaw.com
Envelope ID: 76949569
Filing Code Description: Answer/Response
Filing Description: D's Transocean Offshore Deepwater Drilling, Inc.'s Answer to Plaintiff's Third Amended Petition
Status as of 6/27/2023 10:21 AM CST

Associated Case Party: EZEQUIEL RODRIGUEZ

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Cody Dishon | | cdishon@thefergusonlawfirm.com | 6/26/2023 10:56:52 AM | SENT |
| Jessica Burkett | | jburkett@thefergusonlawfirm.com | 6/26/2023 10:56:52 AM | SENT |
| Cullen McDonald | | cmcdonald@thefergusonlawfirm.com | 6/26/2023 10:56:52 AM | SENT |
| Javier Cabanillas | | jcabanillas@thefergusonlawfirm.com | 6/26/2023 10:56:52 AM | SENT |
| Harrison E.Tatum | | htatum@thefergusonlawfirm.com | 6/26/2023 10:56:52 AM | SENT |

Associated Case Party: M&M INDUSTRIAL SERVICES INC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Michele Y.Smith | | MicheleSmith@MehaffyWeber.com | 6/26/2023 10:56:52 AM | SENT |
| Blake Hamm | | blakehamm@mehaffyweber.com | 6/26/2023 10:56:52 AM | SENT |
| Johanna F. Trees | | johannatrees@mehaffyweber.com | 6/26/2023 10:56:52 AM | ERROR |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Lisa Rogers | | LisaRogers@MehaffyWeber.com | 6/26/2023 10:56:52 AM | SENT |
| Mikka Gorden | | mikkagorden@mehaffyweber.com | 6/26/2023 10:56:52 AM | SENT |

Associated Case Party: TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Shantaine Mann | | smann@sbsb-eastham.com | 6/26/2023 10:56:52 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Janette Gomez on behalf of Robert Klawetter
Bar No. 11554700
gomez@easthamlaw.com
Envelope ID: 76949569
Filing Code Description: Answer/Response
Filing Description: D's Transocean Offshore Deepwater Drilling, Inc.'s Answer to Plaintiff's Third Amended Petition
Status as of 6/27/2023 10:21 AM CST

Associated Case Party: TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC

| Sonja M.Beard | | sbeard@sbsblaw.com | 6/26/2023 10:56:52 AM | SENT |
|---|---|---|---|---|
| Robert Klawetter | | rklawetter@sbsb-eastham.com | 6/26/2023 10:56:52 AM | SENT |
| Christina Schovajsa | | cschovajsa@sbsb-eastham.com | 6/26/2023 10:56:52 AM | SENT |
| Janette Gomez | | jgomez@sbsb-eastham.com | 6/26/2023 10:56:52 AM | SENT |